UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **RICHARD WAGNER** Richard Wagner, <br><br>      Plaintiff, <br> v. <br><br> **The Crown Group, LTD,** an Ohio limited company <br><br>      Defendant. | Case No. 2:23-cv-1585 |

NOW COMES Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against the named Defendant **The Crown Group, LTD,** an Ohio limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. §

      1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Richard Wagner, is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant, The Crown Group, LTD owns the property located at 101 Jegs Blvd. Delaware, Ohio 43061 in Delaware County, Ohio, which is a Distribution Center as well as the Corporate Office for JEGS® Performance.

6. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. Upon information and belief, the distribution center owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either own, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's distribution center is a place of public accommodation. Defendant's property and business fail to comply with the ADA and its regulations, as also described further herein.

8. The defendant is also non-compliant with the ADA's general nondiscrimination provisions, including the requirement to make reasonable modifications where necessary to provide the public accommodation's goods and services to people with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii). Defendant continues to violate the general nondiscrimination provisions in spite of notice from the Plaintiff in the form of a letter to the corporate headquarters and in person verbal requests.

9. Mr. Wagner is a paraplegic and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Wagner is a current Powell, Ohio resident in Delaware County. Mr. Wagner possesses a competition license and races auto vehicles. As such, he frequents the distribution center to obtain parts and supplies.

11. On March 3, 2023, March 11, 2023, and on <u>many</u> prior occasions including 15 verifiable instances in 2021 through 2022, Plaintiff has patronized the Defendant's property and place of business. His recurring past patronage is evidence he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. As a result of the revolving door being inaccessible to Mr. Wagner and other people who use wheelchairs for mobility, on multiple occasions Mr. Wagner has been "stranded" outside the revolving door and locked standard doors waiting and unable to access the facility.

13. Recently this has occurred in the rain but has also happened in the past during wintertime stranded outside in the frigid weather without access to the Defendant's place of public accommodation.

14. On many occasions the Plaintiff has requested that the facility located at 101 Jegs Blvd.'s entry door(s) adjacent to the revolving door be unlocked.

15. In order to access the Defendant's facility, Plaintiff has either had to wait for another customer to arrive who would enter through the revolving door and then open one of the adjacent doors for him or otherwise would continue pounding vigorously on the door, until someone inside finally would hear him and open a locked door(s) for him.

16. On February 17, 2022 Plaintiff drafted a letter and hand delivered it to the Defendant's Customer Service Desk.  Mr. Wagner hand delivered the letter because he was advised by Customer service that the defendant had in-house mail and the letter would be provided to the department to whom it was directed.

17. Plaintiff's letter was addressed to the Human Resources Department.  It detailed his personal experience with the situation of his inability to independently access the Defendant's facility due to the always locked doors and inaccessible revolving door.  It described his requests for a reasonable accommodation.  He described the situation as an "ADA Code Violation." (See letter attached as Exhibit A)

18. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to continue to be a customer at

      the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the distribution center without fear of discrimination.

19. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

20. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

21. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation the ADA's general nondiscrimination provisions, including the requirement to make reasonable modifications where necessary to provide the public accommodation's goods and services to people with disabilities.  42 U.S.C. § 12182(b)(2)(A)(ii).

22. A preliminary inspection of the distribution center owned or operated by Defendant has shown that many violations of the ADA exist at the subject property.  These violations include, but are not limited to:

**Parking and Accessible Routes**

A. In the parking lot, the designated accessible parking spaces that are available, are missing the required accessible parking signage mounted 60 inches minimum above the finish

floor or ground surface measured to the bottom of the sign, including the International Symbol of Accessibility identifying the parking stall as "accessible parking," in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

B. In the parking lot, signs identifying van parking spaces including the designation "van accessible" that are mounted 60 inches minimum above the finish floor or ground surface measured to the bottom of the sign are missing, in violation of the ADA and section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4 whose remedy is strictly required or at minimum is readily achievable.

C. In the parking lot, the access aisles for accessible parking are missing, in violation of the ADA section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or at minimum is readily achievable.

D. Ground surfaces located on the accessible route have cracks in excess of ½ inch and changes in elevation in excess of ¼ inch, in violation of the ADA and section 302.2 and 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.2 and 4.5.4, whose remedy is strictly required or at minimum is readily achievable.

E. At the entry to the in Delaware, Ohio warehouse parts counter pick-up location, located at the Corporate Office, a Revolving Door is the only means of entry on the accessible route, in violation of the ADA section 404.2.1 of the 2010 Standards and 1991 ADAAG section 4.13.2, whose remedy is strictly required or at minimum is readily achievable.

**Universal Restroom**

F. In the universal bathroom, the security latch is not accessible because it requires tight grasping, pinching, or twisting of the wrist, in violation of the ADA section 309.4 of the

    2010 Standards and 1991 ADAAG section: 4.27.4, whose remedy is strictly required or at minimum is readily achievable.

G.     In the universal bathroom, the flush handle is not located on the open side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is strictly required or at minimum is readily achievable.

H.     In the universal bathroom, the products block the side grab bar, in violation of the ADA section 609.3 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or at minimum is readily achievable.

I.     In the universal bathroom, the rear wall grab bar is out of compliance as it does not extend 12 inches from centerline to the side wall, in violation of the ADA section (and figure) 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or at minimum is readily achievable.

J.     In the universal bathroom, the toilet seat covers are placed too high and out of the maximum height reach range of 48 inches maximum height, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

K.     In the universal bathroom, the paper towels are too high and out of the 48 inches maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

L.     In the universal bathroom, the height of the mirror is out of compliance as the bottom edge of the reflecting surface is above 40 inches maximum above the finished floor, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or at minimum is readily achievable.

M.     In the universal bathroom, the hand soap is too high and out of the maximum height

      reach range of 48 inches maximum above the finished floor, in violation of the ADA and section 305.7.1 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

N.     In the universal bathroom, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or at minimum is readily achievable.

**Policies and Procedures:**

O.     The Defendants lacks or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

P.     The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities as well as modifying policy or making requested reasonable accommodations and that has resulted in discriminatory conduct toward Richard Wagner.

23.     The discriminatory violations described in Paragraph 22 by the Defendant is not an exclusive list of the ADA violations believed to exist at the place of public accommodation. The Plaintiff requires further inspection of the Defendant's place of public accommodation, facilities and operations in order to photograph, measure and determine all of the discriminatory acts and areas of non-compliance in violation of the Americans with Disabilities Act.

24.     The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue

to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

25. Plaintiff restates the allegations of ¶¶1-24 as if fully rewritten here.

26. The distribution center at issue, as owned or operated by Defendant The Crown Group LTD constitute a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

27. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.*

28. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and institute policies and procedures as are legally required to make the distribution center accessible to and usable by persons with disabilities, including Plaintiff.

29. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

30. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

31. Plaintiff restates the allegations of ¶¶1-30 as if fully rewritten here.

32. The Defendant operates and owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

33. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The defendant acts are willful, severe and ongoing.

34. The Plaintiff has provided notice to the Defendant of his concerns about its ADA code violations.

35. WHEREAS, the Defendant's deliberate refusal to make reasonable modifications to its facility has the effect of excluding Mr. Wagner from being a patron at this distribution center due to this ongoing discrimination.

36. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction

requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net